May it please the court, Jane Ann Murray for Mr. Martin. In this case, the appellant was convicted of murder for hire resulting in death based on a murder he committed in order to obtain the proceeds of insurance policies he had taken out on the victim's life. He did not hire anybody to commit the murder was not himself hired this murder insurance proceeds not emergency this precedents are clear on what is a murder for hire the court has said over and a very limited category of behavior is it really a murder for insurance proceeds and a murder for hire those really mutually exclusive categories I mean one person can do something to cause interstate commerce to be used with the intent that a murder be what happened here was a murder in anticipation of insurance proceeds it was not a murder in consideration of murder of insurance proceeds your honor you're correct they're not necessarily mutually exclusive you can absolutely have a murder for insurance proceeds that's not a murder in anticipation of insurance proceeds but it is also a murder for hire as in United States be Hernandez can I ask if if if Anderson is incentivized in any way for the murder to happen and everything else is the same is that murder prior I would submit it is not your honor even if Anderson was in fact going to get a portion of these proceeds so that was it so if if what we know is everything's the same it's it's Martin's idea Martin all factually the same except Martin says when everything said and done I'm going to give you some portion of the proceeds you would say that's not murder for hire I would say that's not murder for hire because we do not have a solicitor and a hit man what we have in that scenario is the appellant is both the solicitor and the hit man but isn't the question whether the language of the statute is really one that goes for hire that is I must solicit you to do the murder which is what you are saying and if you take higher that's what it means or whether the language of the statute is broader and is land in some way murder for money in some peculiar way and we're calling it higher but the statute is funny and it's passed at the same time as this attempt to make racketeering that now you know I have a problem because of the statute and the legislative history is a little bit ambiguous if I read higher this isn't higher I mean you know if the title is what governs it clearly isn't if I look at the statute my problem though then is I'll ask the other side is then how far does it go says that any time that anybody gets money murders somebody in order to get money is that covered that would be an amazing expansion of federal jurisdiction and that is precisely why the circuit in I think it was the 7th circuit in Wicks said consideration can't simply be anticipation so many murders are committed in anticipation of money the word consideration in this statute this circuit has said has to be defined in the traditional sense the contractual sense that it is done in a terms of a bargained for exchange so the title murder for hire absolutely gives meaning to the term consideration in the statute to the extent the word consideration is ambiguous and I would submit it is not and this court's precedents have never found ambiguity in it this court's precedents have said over and over this captures a narrow category of murders a very narrow category of murders and it requires the consideration requirement is interpreted in the traditional sense of a bargain for exchange meaning it must involve an intended quid pro quo and every single one of the cases before this court there's about 150 of them involves someone who solicited the murder hired if it if you will and the hit man the murderer the person who did the murder here essentially Martin is both nobody hired him to do and he didn't hire anybody to do it he didn't hire Anderson to do it he didn't hire Anderson to help him as an accessory this is a case of two co-venturers coming together to plan a murder for proceeds Jack and Jill get together to hire to kill a jeweler with Jack doing the deed and Jill planning to scoop up all the jewelry and the two of them are going to make off with it and split it does it matter if Jill had the initiative in this here they don't but if the woman who got the insurance first suggested it would that make a difference or would it still not because he wasn't hiring her he wasn't hiring her and she wasn't hiring him your honor there may well be I feel like it's a bit of a moving target so if we're looking for a solicitor and a murderer in Judge Calabresi's last question we have a solicitor and a murderer but you say they're sort of in on it together and therefore where does that come from the statute you know we can do all of the hypo's but why don't we start with that question why wouldn't that be a solicitor and a murderer and if it is that why wouldn't it be murder for hire well the difference is the difference is between suggesting and soliciting just the concept of murder for hire is you have somebody who solicits another one to do it and typically it's somebody who's going to stay clean keep themselves out of the picture so that they are less likely to be caught this is much more part of that concept of racketeering where you're going to have higher ups who keep their hands clean from the dastardly acts involved so you have a solicitor and then you have a doer somebody simply suggests to somebody hey let's if that is what was meant and that's what I understand hire couldn't the statute have been written in a way that made that clear that said you need a solicitor rather than using words like consideration well you know consideration is one of those words which in law yes your honor consideration could mean other things in the law but the this court and many other circuits have all said define it in the traditional sense of the contractual sense and to the extent there is any ambiguity about what consideration means in this statute this court's precedents say you can look to the title of the statute for guidance on the meaning of that word let me ask you a different question suppose we agree with you I take it then we would send it back for resentencing because the sentence you know when part of a sentence falls and at that point the district court could on the fraud counts assuming that they stand instead of making them concurrent could make them consecutive there's nothing that says that they can't those are 20 year counts right they're 20 year counts that's correct 20 years is the maximum but it can make double which in the end I mean I don't remember how old your client is but 40 years starts to sound mighty close to life so in terms of this particular case it may not really make very much difference your honor I haven't analyzed that particular issue the court did impose a sentence of concurrent time on the fraud count and if this court finds insufficiency and fundamentally a judgment of acquittal has to be entered on the murder charges I would challenge the consecutive sentencing on reverse he can of course assuming the statute of elimination not run if we agree with you be tried in the state your honor there is certainly no impediment to him being retried in the state there's no statute of limitations on a murder case obviously counsel there could raise issues of double jeopardy this again has not been analyzed in this case but there's no statute of limitations you have a sufficiency argument and then you have the charge argument correct do you think those necessarily rise and fall together could we conclude that there's sufficient evidence on this record for there to be murder hire but still find a problem with the charge your honor obviously my position is that the evidence doesn't support it but were this court to find that the evidence supported a conviction then I think it's a totally independent issue as to whether the charge itself was sufficient to permit counsel to present the arguments to the jury that the government's theory does not meet the definition of murder for hire your honor in looking at that methodological question here do we compare it to the proposed charge in other words if we think there's sufficient evidence we think there's maybe some problem with the charge given that could have been clarified in the way that you're suggesting but we don't think that the proposed charge provides that clarification what's the standard of review or how do we deal with that question your honor I think the court could absolutely send it back with the direction that the charge be remedied in a retrial and this court could even if the proposed charge wouldn't cure the problem well I why would anybody ever propose a charge if that's the case yeah I mean your honor there could have been other wording of that particular charge but what defense was trying to do with their charge was clarify the need for a bargain for exchange if the wording needed to be finessed the district court could have finessed it but here the district court completely rejected the defense request that you clarify the meaning of consideration in a case where you do not have a traditional hitman solicitor case and indeed we submit you had no such case do you think that means to be clear I do not believe that defense counsel's charge was incorrect I think it was exactly on point and I think the requirement here would be to alert the court of the error of its charge which is exactly what defense counsel did on remand where the court to remand on the basis of the charge the court is obviously free to add its own language and my one suggestion about this particular charge is that's potentially very legalistic for a jury but I think it was completely accurate it was not incorrect your honor it was absolutely correct it was seeking clarification of the terms of the term consideration so that the term consideration would not have been mistakenly interpreted by the jury as anticipation so what was missing from I mean the judge said this element requires that before the murder there was a mutual agreement understanding or promise that something of value would be exchanged for committing the murder what was missing here was the additional language suggested by defense which clarified that the word exchange isn't simply giving which is exactly what the government tried to argue in its opening brief that the word exchange from their perspective suddenly became pay it became reimbursed or compensate that there are many ways that exchange could be interpreted and the goal of the defense in adding such things as there must be a quid pro quo that this is in the traditional sense of a bargained for exchange the words bargained for exchange were never let me ask you to go back for what would count as bargained for because I think some of the hypos I asked you about might include some bargaining for but you still say it's not murder for hire so let's say it's everything again is exactly the same but so it's Martin's idea Martin Anderson is under some forms of duress that the record indicates and everything else is the same but Martin says and if this all works out I'll give you a thousand dollars and you would say that's not murder for hire your honor I don't because they are because the solicitor and the murderer are the same person the solicitor and the murder of the same person but this co-venturer will be an aid and a better in the murder and if the solicitor then offers money to the aid and a better to assist him in that murder would that amount to murder for hire your honor potentially it could I just would submit that that's not the scenario that we had for the murder for hire no I know it's right that's that's the point to try to figure out if if bargain for somehow answers the problem and I'm not whether there is a problem and whether bargain for answers it if what I've just because it seems like everything that you've identified as a problem is captured in that hypo and I think at first you said that wouldn't be murder for hire and now you say maybe it would be murder for hire your honor could so could you come down on one of those so everything the same except Martin says at the end of the day I'm going to give you a thousand dollars but she doesn't do the murder no everything the same exactly the same except Martin says to Anderson if it all works out I'm going to give you a thousand dollars your honor in that scenario what we have here I would submit that's not a murder for hire and then okay then slight variation she says too risky half but then we're just haggling about the price and it's not really a bargaining over the price the bargaining over what they're both going to the interest that's not murder for hire either it's not murder for hire either because you're saying the bargain doesn't matter it must be the solicitor who is hired to murder and here my question is again the language of the statute is ambiguous the word for hire is not and so in the end the question is what do we do with an ambiguous statute which could be read enormously broadly and where the title of it is really very narrow so what do we do with that and that's what I'm going to be pressing the other side of it you're not arguing that there has to be an actual solicitor and an actual murderer and that those are two separate people I am your honor yes that would mean that this statute couldn't be the subject of an undercover investigation your honor there are plenty of examples of an undercover who played the role of solicitor so yes but there is an undercover playing the role of a solicitor there are two parties there are two individuals one may not be a criminal party but there are two individuals can I just ask in response to the hypos just wanted to follow that line you said yeah it's not really about a bargain right and that's why my question is how does the proposed instruction of bargained for and quid pro quo how does that solve the problem your honor there's your hypo involved a bargain bargaining about how much money might be involved in the split of the proceeds not any bargain is implicated in this statute because the bargain in this statute is the bargain that you will commit the murder in exchange for what I am going to do my question that was asked for was to say there has to be a bargained for clarification because judge Livingston read the language about exchange and you said well exchange isn't clear enough it needs to be bargained for and quid pro quo but now you're saying well that won't solve everything because we still might have bargaining and we still might have quid pro quo but we wouldn't have some other things my point is simply that the bargain referred to in the murder for hire statute is the bargain about someone committing the murder at the behest of the solicitor in exchange for pecuniary value it's a very specific kind of bargain it's not a bargain between co-venturers about how much money they're going to get it is a very specific bargain you commit the murder in return for this money and I would submit that the defense counsel's proposed instruction which was legalistic nonetheless very clearly encompassed that it wasn't just that there must be a quid pro quo or at least the promise of such between the parties to the transaction it went on to say the murder for hire statute requires the government to prove that the accused intended for a murder to be committed as consideration for something of pecuniary value moreover it goes on to talk about the mere fact that consideration offered by one the solicitor in exchange for another's the murderer's agreement to commit a murder could inure to the economic benefit if the latter is insufficient so the proposed wording from defense counsel very specifically talked about the one bargain that I believe needs to be in this statute the bargain that you commit the murder for me in exchange for money okay thank you we'll hear from the government may it please the court my name is Emily Dean I'm an assistant United States attorney in the eastern district of New York and I represented the government in the district court in April 2018 Corey Martin strangled Brandy Odom to death dismembered her corpse and placed her body parts around a park in Brooklyn to be found and he did that because he and his co-conspirator together agreed to take out life insurance policies in Brandy Odom's name so that Corey Martin could kill Brandy Odom and Adele Anderson could cash in on the policies and pay Corey Martin money right co-conspirator to what is the question clearly everything you just said is true but it leaves out the quintessential question co-conspirator to what absolutely your honor they were co-conspirators in this murder for hire the very nature of an agreement why is murder for hire on its language that title suggests I am hiring I was hired to do a murder the language of a statute sounds more like money murder for could be read to be murder for money where there are two people involved my question is okay this is an issue of federal jurisdiction our cases say we only read federal jurisdiction to take over what is traditionally a state matter which murder certainly is traditionally still would be could be why on earth should we read an ambiguous statute the other side says it isn't even ambiguous but even assuming it is ambiguous to create federal jurisdiction in a way that then is very unclear how far it goes when they haven't said so why shouldn't we read it to be what it sounds like when you say murder for hire I was hired by you to murder somebody just on the basic federal question that and we have plenty of cases that say so you don't read expansive federal jurisdiction on what are traditionally state things and respectfully your honor jurisdiction need not be expanded in this case and yes the title is murder for hire but the elements here are clear and they are met a facility of interstate commerce was used and of course the federal government could say anytime anybody in interstate commerce commits a murder for money it's federal but they haven't said that you know of course there is the possibility of federal power of all sorts but the tradition is especially when you end up having dual jurisdiction we do not read it that way unless it's clear that Congress now of course sometimes in the past we have done that we did that classically with the Mann Act which has been a disaster ever since because we read the statute which was vague to create federal authority and we've been stuck with that ever since but okay we did that most of the time we were warned not to shouldn't we from the federalist point of view just read this and of course if Congress wanted to make this and so your honor the elements and not just the interstate commerce element but the elements of the statute are all cleanly and clearly satisfied in this case because of the nature of the agreement between Corey Martin and Adele Anderson Adele Anderson was an active participant in this murder for hire at the genesis of the scheme when they were first agreeing to kill Adele Anderson's ex was she hired to do the murder? Corey Martin was hired to do the murder by her by her your honor at the beginning of the scheme he said to her I will put insurance on you he used it may I highlight for you your honor some places where Adele Anderson was driving the scheme beginning at the very start of the scheme when the target was her ex boyfriend the father of her child Corey Martin said he's your problem and I'm not going to do that unless I get paid that's at trial transcript page 278 now the target evolved and became Brandy Odom and Adele Anderson testified that Brandy Odom was the victim she preferred because it took the heat off of her ex and off of Martin's desire to kill her kids and so Anderson agreed with Martin that if Martin was correct becomes key now you know I'm not sure about that evidence if that evidence is there then that goes to whether we vacate or reverse assuming and your honor because this is a sufficiency challenge the question is could a rational jury have concluded that there was sufficient evidence here let me point your honor to something else showing that a rational jury could have concluded that Adele Anderson was a very active participant in this scheme read the text message thank you a text message that Adele Anderson sent that this jury saw saying insurance place is closed today and that policy is no longer going to be active if you don't try to do something with that bitch this week so I think you're conflating active participant with solicitor what you said before was something that suggested that she solicited him to kill this particular person and that would be evidence which under a narrow reading of this might be enough now you're saying an active participant which simply says when there are two people involved in a murder for money this is covered and that's a much much broader expansion and that's you know my problem is that the government has been playing both things throughout and that the charge to the jury didn't make any of these decisions so is there enough evidence that she was a solicitor in this that's what I'd like to focus on because frankly you know I've been fairly clear on where I stand so on whether this is a matter of wrong charge or whether it's a matter of the law doesn't the statute doesn't apply to this situation at all I would just say her active participation informs the solicitation determination and so the evidence of this trial a rational jury could have concluded well active participation is maybe necessary but not sufficient active participation without soliciting one reading of the statute is yeah without that you don't have anything you have that but you still have to have solicitation may I make a distinction your honor because appellant argued and I do think in discussing this we have to examine the fact that the statute in no way requires it to have been Adele Anderson's idea that is not a requirement of the statute the statute requires that there must be consideration for a promise or agreement to pay anything of pecuniary value again idea is not it he might have said gee we ought to kill her and she would have said oh that's a good idea I'll pay you to do it and if that is what happened that would be clearly murder for hire under even a narrow reading and you're saying that in the prolonged discussions she got insurance policies on a number of people and that part of what she got out of it was the focus on Odom ultimately as opposed to less favored participants and they were both going to share in the proceeds right does the evidence support that it does your honor first that she was going to pay Corey Martin the full $200,000 of the two proceeds but they were going to share in the way that the plan was they would move together to El Paso he would buy real estate and she would also continue her life with him that was one of her motivating and principles in this murder for hire she wanted to be a blended family she wanted them to be together and her preferred target of the scheme was Brandy Odom as opposed to her children or her ex-boyfriend that's right even though her ex-boyfriend at one time she was a participant in that scheme as well that was sort of the original original idea exactly and as it evolved and as she explained to the jury and this is one of the reasons the evidence is sufficient she explained to the jury that she didn't like that plan so much anymore and Brandy Odom was easier for her and Brandy Odom it was also elicited by the defense in this case that there was jealousy with Brandy Odom the defense argued and elicited text messages to suggest that Brandy Odom was a romantic rival so let's say I agree with you on sufficiency but then thinking about the charge is there a scenario in which the jury would have concluded that she's merely a conduit and it's all Mark right that she's fully acting under duress it's basically you know everything is him and he's just requiring her to take out the policy and so she does that and you know she'd be very happy if Odom whether Odom dies or Odom doesn't die but she's done what she's told been told to do like in everything else in their lives could the jury have reached that conclusion so I guess first question is could the jury have reached that conclusion on this record and if they could have would that be murder for hire and if it's not would the jury instruction has given led potentially led them to conclude that that's still murder for hire so those three questions okay um no your honor the jury could not have reached that conclusion just just starting alone not with that text message and evidence and and there was far far more than that Adele Anderson first of all she pled guilty that was before the jury she admitted that she participated in this murder for hire scheme and that she agreed that Martin would kill Brandy Odom and she would pay him what she had is I'm a little I've been thinking about this and I don't have an answer what to do with her her guilty conviction because maybe I look at her allocution and I think her allocution wasn't sufficient for murder for hire so what do we do with just the fact I'm not sure how much as my courts would say squeeze you get from that I forget how it goes how much juice you get from that squeeze something like that well I think if that's just one thing your honor because she explained in such greater detail in front of the jury she explained every step about doing the paperwork to take out the proceeds for the life insurance policies all of this goes to the amount of her involvement and I'm still wanting to see whether she in some ways hired him since he is being charged with murder for hire and my question is this suppose he says to her I'm going to put life insurance on somebody's life and I'm going to give it in your name because I want you to give that money I could put it in my name but then there would be problems with state law so I'm putting the life insurance in your name and then you will pay me and at that point she says if you're going to buy life insurance on anybody I would rather you would buy it on this person but that's the only thing that she says is that enough under a narrow reading of I am hiring you to do a murder to be a murder for hire because the evidence that you have pointed to if it is there I'm going to go back and see on the record might suggest that that she preferred this victim and the question is is her preference for a victim when he is the person who has done the whole thing and is using her enough to fit the statute and so your honor in your hypothetical I did not hear any agreement from the person who was going to have the policies in her name to pay so I think that would be a he says I'm putting it on you and you will give me the money I could have put it just the life insurance on myself but I'm putting it on you you agree that you will pay me that's all the part that you're saying is sufficient that's the consideration language that's the part I have problems with because I think it's stretching what hire and therefore what we can say congressman and my question is if at some point she suggests a victim rather than another whether that is enough to do before hire and your honor I agree that that would be a tougher call but that is so distinct from the facts we have here where we have Adele Anderson texting Corey Martin the policy is no longer going to be active if you don't do something with this bitch this week that is her pushing the murder forward telling him you need to murder her this week or I'm not going to be able to get the policy money that she has promised him it's explicit your honor and so on a sufficient a sufficiency challenge a rational jury viewing that text message could find that there was a mutual agreement that she was going to pay him when he committed the murder it is fairly plain in that language and then you pile on that all of the additional things that she did that the jury heard about including paying premium payments on the policies including impersonating Brandy Odom including she is the only person who tried to collect the money on these policies well of course it was in her name your honor she's also the only person who was calling the insurance company trying to take out the policies she was used to create this money there is no doubt but the question that you keep ducking is who solicited whom and to me in a murder for hire if we for federalist reasons read the statute narrowly he must be solicited and so my question keeps coming back to what evidence is there that he was solicited by her rather than informed of the date of the insurance policy of this that and the other which for me is irrelevant the only question that is relevant for me is whether she solicited him when she indicated if she did this particular victim yes your honor and I would point to that text message as an example of her solicitation and I see that I'm well over my time if your honors have any other questions for me I'm prepared to answer them I just wanted to go back on the charge question so again assume agree on sufficiency and I'm just trying to understand if there is a scenario under the facts which the jury could have concluded sort of her involvement isn't sort of you know you have counter facts but but could the jury concluded and I guess let's assume the jury could have concluded it's all under duress she's just a conduit he's sort of doing everything so clearly she's involved and active and a participant in it but but but the jury doesn't think that she was incentivized for the murder to happen or it was all out of duress would that be murder for hire in your view that's the first question and then if it is if it's not might the charges given have led the jury to that conclusion the answer to both of your questions is no your honor I think if if Ms. Anderson had the legal defense of duress and it was a successful defense I think that could create a factual problem but she did not and not only based on the numerous times that she explained all the actions she took of her own free will but she also had the opportunity in fact in the middle of this murder scheme she went to her mother's house for three days and she can't excuse me I'm sorry I don't think that's the question I think the question that was asked was if the jury on the evidence which could go your way or the other way believed she was acting under duress if that were a possible conclusion by the jury among different possibilities if the jury believed that could the jury given the charge have still convicted him of murder for hire that is assumed contrary to what could have been in your view that the jury concluded point A duress which under the facts you know might might not then have still on the charge found murder for hire that's the question that I believe was asked and I don't think you were answered I'm sorry I tried to answer it directly and say no I think if a jury could conclude that she had a successful legal duress defense I think that there would be a problem with murder for hire as the charge but I do not believe that's possible based on the facts presented it wouldn't be murder for hire so if that's so if the jury could reach that conclusion it would not be murder for hire and then the last question is could this charge as given have led the jury to think that it would constitute murder for hire even if Ms. Anderson was under duress yes no your honor there is nothing in the court's charge that would suggest that Adele Anderson and in fact let me point to some of the language that was used the court specifically stated the element requires that before the murder there was a mutual agreement an understanding or promise that something of value would be exchanged for committing the murder a duress defense would undercut that mutual agreement how would the jury know that from that charge because they're basically hearing I think or arguably hearing you do the murder I'll give you the money that's true that's factually true he does the murder I'll give you the money if they think that but they think it's all under duress why might they convict under this language because the court went on to say that if you find there was no mutual agreement before the murder that something of value would be exchanged then payments of money after the murder standing alone would not satisfy this element can't there be mutual agreement even if she was acting under duress the agreement is that I am forcing you but you agree that because of that you'll give me the money isn't that an agreement respectfully if she was under duress that it would not be a mutual agreement that would not satisfy the terms of the contract law question if consideration means what it means in contract law and I'm no contract expert I suspect my colleagues know better but you can think contract you could have consideration and then raise the defense of duress but the contract's formed but you get out of it because of duress and in any event a normal jury would say yeah I had an agreement that I would pay you I was forced into that agreement but I agreed that I'd pay you wouldn't a normal jury read it that way or at least possibly read it that way may I just I'm sorry judge Nathan I just would like to address what you said about contract law because in United States versus Phillips a Ninth Circuit case from 2019 the court and it's not the only court that held this of course specifically said that the murder for hire statute need not comport with contract law so there is a distinction in now the murder for hire statute that they you know basically under duress she's agreed yes I'll get you know I'll take out this policy and then I'll give you the money so we've said we're assuming that that could be found on on this record you disagree I hear that if it were found on this record you say it would not be murder for hire and then we're at the last question which is why couldn't the jury think that's murder for hire since they think even though under duress she said I'll take out the policy and after the murder I get the money and I'll give you the money I agree to do that what what what in the charge would prevent that conclusion I think your your honor it would it was where the court stated that if there was some finding by them that there was not a mutual agreement and mutual agreement is the key term right so before the agreement they think is under duress so it's something about mutuality or something under duress she says I'll give you all of the money that I received that sounds like a mutual agreement it's missing a kind of agency due to the duress but does that explain to the jury I think the term mutual which is easily understood by a layperson I think that is a really key word here and maybe if we were just looking at agreement that would be more troublesome but mutual agreement which is understandable I don't think it requires further definition that is not mutual if one person is under duress I'm just saying is this realistic in terms of what a jury would understand I mean you know look this is a dreadful fellow it's nice in many ways that he was convicted but realistically aren't we just stretching stretching stretching to what purpose ultimately your honor respectfully no the elements here are met each element is met and if I may just say with respect to what you have raised about the charge that was not challenged on appeal the defendants charge as offered well that wouldn't be before this court on appeal because the defendants charge suggested to the court must accurately present the law that issue wasn't raised below to the district court so so that's about the logical question I asked what do we do if we think there could be an error with the instruction but not cured by the proposed instruction it's not preserved for appeal your honor so it wouldn't be before the score don't do any kind of review I don't believe that that would be it would be before the court for review because it doesn't satisfy the prong of the defendant accurately presenting the law to the trial court that this is what they presented is not the issue that has been raised but even so your honor and that's certainly not to I do want to continue to answer the question that you have asked which is this this issue of mutual agreement which is accessible for a layperson is completely undercut by the idea of duress the idea of her having no agency which is not the evidence before this jury and so they couldn't find that this charge was satisfied the judge specifically said if there's not that mutual agreement before payments of money after the murder standing alone do not satisfy the murder and so the charge would be sufficient especially because of the mutual agreement language but taken as a whole which is the standard that the court looks to for the charge if there's no other questions I'll ask that the court affirm Cory Martin's conviction on murder for hire and all of the counts thank you your honors I have a few quick points I want to raise with you you all first of all with respect to the issue of mutuality in the charge to the jury and the word mutuality did not appear oh there was there based on a mutual agreement there was certainly no instruction to the jury about what were the elements of a mutual agreement and what are the all the different elements that go into consideration so to suggest that the jury was following the law here without having what the defense suggested which was the concept of quid pro quo the concept of bargain for exchange that they were operating in the dark in the context of a case where the prosecutors presented Miss Anderson as a victim of a murder she testified at length at the abuse that she'd experienced she was not in custody at the time so she appeared presumably in her civilian clothes and the jury met her outside I mean this was not your the idea that now suddenly she's the solicitor in a major murder for hire scheme really belies the way the government argued this and presented her at trial I want to turn to Judge Calabrese's point about federal jurisdiction and I just want to cite some of the legislative history of this act Congress explicitly sought to punish concerted action involving solicitors and killers it stated both the person who ordered the murder and the hit man would be covered by the new section provided the interstate commerce or mail nexus is present and they go in to talk about A paying money to B to go from state X to Y to murder C the goal in this particular statute was to address organized crime and so there was an interstate nexus and the murder for hire component because this was narrowing the concept of murders that would be reached by the federal jurisdiction because most murders are state if the holder of the insurance company said please kill that person would that be murder for hire see as far as I'm concerned there may be some evidence I don't know how much of that but would if the defendant here was the instigator did everything and then somewhere along even coerced but then somewhere along the line she said kill that person please would that be enough under the statute that's my problem at that point I'll say I don't think that the charge to the jury and I think what was put in as a charge to the jury is enough to say that's all wrong but that's another matter but that's a question of where we're from my point of view we're talking reversal or vacator and my question is would that be enough I submit your honor that in the context of an agreement to commit a murder for money one party suggests a different target that that suddenly turns them into a solicitor of a murder for hire that that is extrapolating way beyond what the statute intended that's like Jack and Jill decide they're going to murder a jeweler and steal his jewelry and then in the process hey not this one might be a lot easier to do that jeweler down the street does that suddenly turn Jill into a solicitor I submit not and we're back to the point that the Wickland court stated that rejecting the very charge which equated consideration which deemed that consideration is satisfied so long as the defendant intends to commit murder in order that a pecuniary benefit will flow from the killing the 10th circuit went on to say most murders involve the possibility of financial gain and the district court's interpretations means that most murders during the course of interstate or foreign travel in which mails are used would violate the statutes and finally I just want to make the point that just just that Forrester made in Davis that the reason this is important is because he got mandatory life as a result of this that was the the effect of this being a murder for hire causing death he received a mandatory life sentence and I submit that the statute has to be very very carefully delimited as Congress intended and as this circuit has always delimited I mean there are only 150 cases involving murder for hire in the entire LexCon that I could find in doing my Westlaw searches here it's a very delimited set of circumstances and specifically because it carries mandatory life. Thank you. Thank you both. Very well argued both sides and we will take the matter under assessment. Compliments to both sides.